**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**DR. GENICK BAR-MEIR,**

**Plaintiffs,**

**v.**

**NORTH AMERICAN DIE CASTING ASSOCIATION, EDMUND A. HERMAN, ANDREW BEHLER, WILLIAM WALKINGTON, JOHN WRONOWICZ, DANIEL TWAROG, and STEVE UDVARDY,**

**Defendants.**

**Civil No. 00-1737(RHK/SRN)**

**O R D E R**

---

Dr. Genick Bar-Meir appears pro se.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned Magistrate Judge of District Court on an ex parte motion by Plaintiff Bar-Meir for an order requiring Defendants North American Die Casting Association, Edmund A. Herman, Andrew Behler, William Walkington, John Wronowicz, Daniel Twarog, and Steve Udvardy, and/or their agents, to preserve all documents and information in any medium relevant to this action. Plaintiff asserts that he has good reason to believe that the Defendants may destroy material evidence if notice of this motion is provided, and that the potential destruction or

FILED AUG 17 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

mutilation of evidence would cause irreparable harm to him. Plaintiff cites to Fed. R. Civ. P. 62(c) as authority for his motion.[1]

The Court notes that while the Complaint in this matter has been filed it has not been served upon the named Defendants. Furthermore, the Court notes that Fed. R. Civ. P. 62(c) which Plaintiff Bar-Meir cites in support of his motion authorizes a court to suspend, modify, restore or grant an injunction during the pendency of an appeal. This rule is entirely inapplicable to the circumstances presented in this matter. The Court finds the lack of one or more affidavits substantiating Plaintiff Bar-Meir's fears that evidence may be destroyed, altered or mutilated is, at this time, fatal to his ex parte motion. The exhibits attached to Plaintiff's moving papers (Exhibits 1-5) simply do not confirm Dr. Bar-Meir's beliefs relative to the possible destruction of documents and information. If such conduct were to occur, there would be definite and severe consequences to the perpetrator. However, the Court is confident that once served with notice of this lawsuit the Defendants will abide by their duty to preserve any and all evidence relevant to this action.

Plaintiff Bar-Meir's ex parte motion for an order requiring the Defendants to preserve documents and information is denied without

---

[1] Perhaps Plaintiff intended to base this motion on Fed. R. Civ. P. 26(c) which pertains to the issuance of protective orders governing discovery. Even if this is so, the Court's concern with the Plaintiff's failure to substantiate his articulated fears remains the same.

prejudice.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Plaintiff Dr. Genick Bar-Meir's Ex Parte Motion for an Order Requiring Defendants to Preserve Documents and Information (Doc. No. 2) is **DENIED WITHOUT PREJUDICE**.

Dated: August 16, 2000.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge