**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

GENICK BAR-MEIR,

Plaintiff,

v.

NORTH AMERICAN DIE CASTING ASSOCIATION – MN CHAPTER 16,

Defendant.

Civil No. 00-1737 RHK/AJB

**Report and Recommendation**

The above matter came before the Court on Defendant's motion for sanctions. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY RECOMMENDED THAT:

1. Defendant's motion for sanctions be granted;
2. This action be dismissed with prejudice;
3. Plaintiff be ordered to pay Defendant's costs and attorney fees in connection with this motion.

Dated: 8/23/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Defendant is before the Court seeking sanctions, arguing that Plaintiff disobeyed a prior Order to Compel. Because of the degree of sanctions sought, the Court treats the motion as dispositive, and therefore addresses the matter by Report and Recommendation.

FILED AUG 24 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

In July 2000, Plaintiff filed this action alleging copyright infringement by Defendant.[1] The allegations in the complaint demonstrate that the alleged copyright infringement relates to an article entitled "How to calculate the $pQ^2$ diagram correctly" and a book entitled "Fundamentals of Die Casting Design." Arguably, the complaint *generally* describes the alleged infringement with respect to the article. However, with respect to the book, the complaint clearly does not identify any specific material that is being infringed and does not specify the alleged infringing material. Defendant served discovery requests seeking the identification of such materials. For example, Defendant's interrogatory numbered one read, in relevant part,

> Identify each item that plaintiff claims infringes the copyright in his work "How to calculate the $pQ^2$ diagram correctly" and for each:
> A. Identify the portion of the material that infringes.
> B. Identify the portion of the work that is infringed.

In addition, Defendant's interrogatory numbered five read, in relevant part,

> Identify each item that plaintiff claims infringes the copyright in his work "Fundamentals of Die Casting Design" and for each:
> A. Identify the portion of the material that infringes.
> B. Identify the portion of the work that is infringed.

After Plaintiff responded, Defendant made a motion to compel, seeking full and complete responses to–among other discovery requests–interrogatories numbered one and five. See Docket No. 35. Defendant contended that "[P]laintiff continues to refuse to identify in any meaningful way any material that allegedly infringes his copyright." Magistrate Judge Susan Richard Nelson agreed. Magistrate Judge Nelson ordered Plaintiff "to fully and unequivocally respond to [Defendant's] interrogatories . . . and identify **everything** he believes has been infringed or infringing." See Docket No. 59 (bold in original). Magistrate Nelson warned

---

[1]Plaintiff also alleged copyright infringement by several individuals associated with Defendant. Those individuals have since been dismissed. See Docket No. 47.

Plaintiff that, "in choosing not to provide discovery, [he] runs the risk that he will be precluded from the opportunity to prove his claims at trial."

As noted above, Defendant is now before the Court contending that Plaintiff has failed to abide by Magistrate Judge Nelson's Order, in that he has yet to identify the specific basis for his copyright infringement claims. The Court agrees. In response to interrogatories numbered one and five, Plaintiff made essentially two responses. First, not only did he offer objections, but he offered the same objections that were rejected by Magistrate Judge Nelson. Next, he merely referred Defendant to the documents that he produced. Plaintiff did not make any attempt to detail the material that is involved in the alleged copyright infringement. The Court concludes that Plaintiff has failed to obey an Order as contemplated by FED. R. CIV. P. 37(b)(2).

The remaining issue is the form of the sanction. Defendant suggests several possible sanctions, including the dismissal of this case. It is clear from FED. R. CIV. P. 37(b)(2)(C) that such a remedy is available. Moreover, although the sanction of dismissal is harsh, the Court is convinced that it is warranted in this circumstance. Not only has Plaintiff disobeyed Magistrate Judge Nelson's Order, he has continually demonstrated that he is uninterested in providing the specific basis for his infringement claims. From the early stages of this litigation, both the Court and Defendant have attempted to induce Plaintiff to provide a detailed basis for his infringement claims.[2] In addition, in May 2001, the Court granted Plaintiff leave to amend his complaint. See Docket No. 77. Although Plaintiff clearly indicated that the amended complaint would clarify

---

[2] There is no dispute that, at the October 18, 2000 pretrial meeting, Defendant attempted to ascertain the specific materials that are involved in the alleged infringement. In fact, the Joint Report of Pretrial Meeting [Docket No. 11] specifically states that one of the matters to be discussed at the Pretrial Conference was the identification of materials that are involved in the alleged infringement. There is no dispute that, at the Pretrial Conference, Plaintiff was advised of the need to identify those materials.

his claims,[3] it provided almost none.[4] The Court does not mean to suggest that these other incidents warrant a dismissal. Instead, the Court means to provide an overall context within which Plaintiff has failed to obey Magistrate Nelson's Order. This overall context demonstrates a recurring issue, one which Plaintiff *repeatedly* failed to remedy. The Court concludes, therefore, that there is clear and convincing evidence that Plaintiff's failure to obey Magistrate Judge Nelson's Order was not an act of inadvertence, but an act of belligerent disregard. It has become abundantly clear that a lesser sanction will not adequately deter Plaintiff's conduct.

The Court also concludes that Plaintiff's conduct goes to the very heart of the dispute. The Court can think of no information that is more fundamental–in a copyright infringement case–than the material alleged to have been infringed and the material alleged to be infringing. By not providing this information, Plaintiff has condemned this case to go nowhere. It would be patently unfair to ask Defendant to spend one additional moment defending this matter. A lesser sanction would not prevent this unfairness. The Court concludes that the elements warranting a dismissal, as discussed in Martin v. DaimlerChrysler Corp., 251 F.3d 691, 694-95 (8th Cir. 2001), are clearly present.

As a final matter, Defendant should submit to the District Court, within ten days of the date of this Report and Recommendation, an affidavit detailing the costs and fees associated with the motion for sanctions.

---

[3] In support of his motion for leave to amend, Plaintiff clearly indicated that he intended to clarify his claims. See Docket No. 58 at 2.

[4] In the amended complaint [Docket No. 78], Plaintiff provided no new insight into what material was being infringed, other than to name three chapters from the book. With respect to allegedly infringing material, although he attached a two-page exhibit, Plaintiff made reference to "supplemental" notes and class syllabi, which were neither described in detail or attached as exhibits.

**NOTICE**

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of the Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within 10 days.

AJB