**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Genick Bar-Meir,

Plaintiff,

v.

Civil No. 00-1737 (RHK/AJB)
**ORDER**

North American Die Casting Association,

Defendant.

---

Before the Court is the Supplemental Declaration of Debra J. Stanek (Doc. No. 112), counsel for Defendant North America Die Casting Association ("NADCA"), regarding the payment of costs and attorneys' fees incurred in connection with NADCA's Motion for Sanctions. By an Order dated September 21, 2001, the Court overruled Plaintiff Genick Bar-Meir's objections to the Report and Recommendation of Magistrate Judge Arthur J. Boylan. The undersigned adopted Judge Boylan's recommendation that the Plaintiff's Complaint be dismissed with prejudice as a sanction for his failure to comply with the Court's discovery orders. In addition to dismissing the Complaint, the Court directed Bar-Meir to pay NADCA's costs and attorneys' fees incurred in connection with the Motion for Sanctions. To that end, Stanek has submitted the Supplemental Declaration that is now before the Court. Bar-Meir has not responded to the facts set forth in Stanek's Supplemental Declaration nor has he submitted a brief



FILED MAY 22 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD MAY 22 2002
DEPUTY CLERK

opposing an award of sanctions.

Rule 37(b) of the Federal Rules of Civil Procedure authorizes the imposition of sanctions for failure to comply with the court's discovery orders. Pursuant to Rule 37(b), "[b]oth parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980). The Eighth Circuit has thus held that "[r]ule 37, interpreted consistent with its purposes, authorizes an award encompassing all expenses, whenever incurred, that would not have been sustained had the opponent conducted itself properly." In re Stauffer Seeds, Inc., 817 F.2d 47, 50 (8th Cir. 1987) (emphasis added and internal quotation marks omitted); see also Comiskey v. JFTJ Corp., 989 F.2d 1007, 1012 (8th Cir. 1993) (affirming award of over $5,400 in attorneys' fees as a Rule 37 sanction for party's failure to comply with discovery requests and with the magistrate judge's orders). Similarly, Rule 37(a)(4)(A) provides that, where an order to compel discovery is granted, the court shall require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. P. 37(a)(4)(A).

The Supplemental Declaration itemizes the attorneys' fees that NADCA incurred in connection with the discovery motions brought before Magistrate Judge Boylan. (Stanek Suppl. Decl. ¶ 5.) Stanek spent eleven hours in connection with the original motion to compel, time which represents $3,465.00 in fees. Stanek additionally spent

preparing and attending the hearing on NADCA's motion for sanctions, brought due to Bar-Meir's failure to comply with the Magistrate Judge's Order on the motion to compel. That time represents $6,300.00 in fees. Stanek, an attorney at the large Chicago law firm of Sidley, Austin, Brown & Wood, has billed her time in the above-captioned matter at the hourly rate of $315. Having reviewed the files herein, the Court concludes that the time expended in connection with the two motions, and the rate charged by Ms. Stanek, are reasonable and, pursuant to Rules 37(a)(4)(A) and 37(b) can be awarded to NADCA.

Ms. Stanek's Supplemental Declaration also itemizes the costs associated with the motion to compel and the motion for sanctions. These costs include copying, postage and Federal Express costs, round-trip airfare between Chicago and the Twin Cities, and lodging, meals, and transportation costs necessitated by attending the hearings on the motions.[1] (Stanek Suppl. Decl. ¶¶ 6a, 6b.) These costs total $818.16. The Court concludes that the itemized costs may properly be included in the sanction award on the grounds that they are expenses that NADCA would not have sustained had Bar-Meir conducted himself properly. See In re Stauffer Seeds, Inc., 817 F.2d at 50.

**Conclusion**

Therefore, based on all of the files, records and proceedings herein, **IT IS**

---

[1] Given that, in February 2001, Stanek also attended to matters in this Court associated with the trademark case captioned Bar-Meir v. NADCA, Civ. No. 00-1666, she allocated one half of the travel time, airfare, lodging, meals, and transportation costs to the above-captioned matter and the other half to the trademark case.

**ORDERED** that Plaintiff Genick Bar-Meir shall pay to the Defendant North American Die Casting Association the sum of ten thousand five hundred eighty three dollars and sixteen cents ($10,583.16) pursuant to Rules 37(a)(4)(A) and 37(b) of the Federal Rules of Civil Procedure.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 22, 2002

RICHARD H. KYLE
United States District Judge

MAY 2 2 2002

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995